IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHONE SMITH,<br><br>             Plaintiff,<br><br>      v.<br><br>HICKS, et al.,<br><br>             Defendants. | No.  2:20-CV-1196-DMC-P<br><br><br>ORDER |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for appointment of counsel. ECF No. 14. The Court has not yet screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A.

   The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017.  Neither factor is dispositive, and both must be viewed together before reaching a decision. See id. In Terrell, the

United States Court of Appeals for the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

Here, Plaintiff contends that he requires counsel because an attorney would be better able to present evidence and cross-examine witnesses in a trial involving conflicting testimony. ECF No. 14 at 2. He also asserts that witness prison employees are uncooperative and refuse to sign affidavits, that access to the prison's law library is limited, and that he lacks legal education. Id. at 2–3.

The Court is, of course, cognizant of the difficulties of litigating from prison. The Court, however, does not find exceptional circumstances warranting a request by the Court for voluntary assistance of counsel. Review of the docket indicates that Plaintiff has been able to articulate his claims on his own. He has filed a complaint and coherent motions with the Court. Furthermore, at this stage of the case, the Court cannot say that Plaintiff has established a particular likelihood of success on the merits. Finally, Plaintiff alleges straightforward constitutional violations, including Eighth Amendment deliberate indifference claims. See ECF No. 4. The factual and legal issues involved in this case are not unusually complex. Plaintiff's motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:  December 30, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE