**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DESHONE SMITH, | No. 2:20-CV-1196-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| SERGEANT HICKS, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint (ECF No. 4).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff, a prisoner at High Desert State Prison (HOSP), alleges that HDSP staff were deliberately indifferent to his serious safety concerns and that such indifference ultimately lead to Plaintiff sustaining a serious bodily injury. ECF No. 4 at 6.  Plaintiff further alleges that both High Desert State Prison and California State Prison Corcoran (CSPC) medical staff were deliberately indifferent to his medical needs after being assaulted. Id. at 8.  Plaintiff names five defendants: Sergeant Hicks, Officer B. Corraiejo, the facility counselor, HDSP medical staff, and CSPC medical staff.

## II. DISCUSSION

Plaintiff alleges sufficient facts to state a claim of deliberate indifference against Sergeant Hicks. Plaintiff informed Sergeant Hicks of his safety concerns and desire to transfer. Id. at 8. Sergeant Hicks denied Plaintiff's request stating that he did not care about Plaintiff's safety concerns and that he does not help sex offenders get off the yard. Id.  Plaintiff asked Sergeant Hicks to report Plaintiff's concerns to his Lieutenant. Id.  Sergeant Hicks denied that request. Id.

Plaintiff alleges sufficient facts to state a claim of deliberate indifference against Officer Corrairejo. Plaintiff asked Officer B. Corraiejo to help him get in contact with any facility Lieutenant or Captain to whom he could express his safety concerns, because none of the officers on duty would help him. Id. at 10.  Officer B. Corraiejo denied Plaintiff's request because he did not want to go around the chain of command with Sergeant Hicks. Id.

///

1          Plaintiff's claims against the facility counselor, High Desert State Prison medical
2   staff, and Corcoran State Prison medical staff all fail under Federal Rule of Civil Procedure
3   8(a)(2) because they fail to identify particular defendants. To state a claim under 42 U.S.C. §
4   1983, the plaintiff must allege an actual connection or link between the actions of the named
5   defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658
6   (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of
7   a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in
8   another's affirmative acts, or omits to perform an act which he is legally required to do that causes
9   the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
10  1978). Vague and conclusory allegations concerning the involvement of official personnel in
11  civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
12  Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's
13  causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th
14  Cir. 1988). Because proper identification of particular defendants might give rise to cognizable
15  claims, however, amendment is appropriate.

### III. CONCLUSION

           Because it is possible that the deficiencies identified in this order may be cured by
amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d
1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an
amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258,
1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the
prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An
amended complaint must be complete in itself without reference to any prior pleading. See id.

           If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the
conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See
Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how
each named defendant is involved, and must set forth some affirmative link or connection

between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  February 2, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4